1  GREGORY P. STONE (State Bar No. 78329)
   gregory.stone@mto.com
2  STEVEN M. PERRY (State Bar No. 106154)
   steven.perry@mto.com
3  ELIZABETH A. LAUGHTON (State Bar No. 305800)
4  elizabeth.laughton@mto.com
   MUNGER, TOLLES & OLSON LLP
5  350 South Grand Avenue, 50th Floor
   Los Angeles, California 90071-3426
6  Telephone:    (213) 683-9100
7  Facsimile:     (213) 687-3702

8  Attorneys for Plaintiff
   FLEX LOGIX TECHNOLOGIES, INC.
9

10                    UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

12

| | |
|---|---|
| 13  FLEX LOGIX TECHNOLOGIES, INC., a Delaware corporation,<br>14<br>15              Plaintiff,<br>16       vs.<br>17  VENKAT KONDA, an individual, and KONDA TECHNOLOGIES, INC., a<br>18  California corporation,<br>19              Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>1. **FALSE ADVERTISING,<br>   15 U.S.C. § 1125(a)(1)(B);**<br>2. **UNFAIR BUSINESS PRACTICES,<br>   CAL. BUS. & PROF. CODE<br>   § 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

20
21
22
23
24
25
26
27
28

39104412.3                                                   Case No. _____
COMPLAINT FOR FALSE ADVERTISING AND UNFAIR BUSINESS PRACTICES

Flex Logix Technologies, Inc. ("Flex Logix"), a Delaware corporation, alleges:

## PARTIES

1. Plaintiff Flex Logix is a Delaware corporation with its principal place of business in the city of Mountain View, California. Flex Logix is registered to do business in California.

2. Upon information and belief, defendant Venkat Konda ("Konda") resides in San Jose, California.

3. Upon information and belief, defendant Konda Technologies, Inc. ("KondaTech") is a California corporation with its principal place of business in San Jose, California.

4. Upon information and belief, Konda owns and controls KondaTech.

5. Upon information and belief, Konda owns and manages a website with the url *www.kondatech.com*.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over Flex Logix's claims pursuant to 28 U.S.C. § 1331, in that Flex Logix has pled a claim under the Lanham Act, 15 U.S.C. § 1125(a)(1), and the Court has supplemental jurisdiction over Flex Logix's state law claim pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because: the claims asserted against Defendants arise out of their commission of tortious acts in California; they regularly do or solicit business in California; they engage in persistent courses of conduct in California; and/or they expected or should reasonably have expected that the conduct at issue would have consequences in California.

8. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the asserted claims took place in this district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Local Rule 3-5(b), Flex Logix alleges that assignment to the San Jose Division is proper under Local Rule 3-2(e) because Plaintiff and Defendants have

their principal places of business and/or reside in the San Jose Division, as alleged *supra* at paragraphs 1-3.

## BACKGROUND

10. Flex Logix was incorporated in 2014. Flex Logix has developed advanced technologies that enable FPGAs (field programmable gate arrays) to be easily embedded into any SoC (system-on-chip). This embedded FPGA technology allows key functions to be optimized or customized after a device is fabricated – even after a device is installed into a system in the field — and has a wide range of applications. Flex Logix provides its customers physical design and logic design files; training and assistance with architectural issues, integration and testing; and licenses covering its intellectual property. Flex Logix has spent years developing and optimizing its technology and has 11 issued patents.

11. KondaTech claims to be an IP licensing company that licenses FPGA Routing Fabric IP and interconnection networks IP in general. KondaTech claims to have been founded in 2007.

12. Beginning in or before March 2018, Konda began to make threats to Flex Logix that if Flex Logix did not pay millions of dollars (and transfer equity) to Konda and/or KondaTech, Konda would communicate false statements of fact regarding Flex Logix and its employees to customers and potential customers of Flex Logix, as well as "all the FGPA vendors." Konda also stated that he was ready to "go to jail or . . . die" over this matter and asked if Plaintiff was ready to do the same. When Flex Logix refused to pay the requested millions of dollars to Defendants, Defendants adopted what Konda called a "coarse [sic] of action" that included making false statements to Flex Logix's customers and potential customers that two of Flex Logix's founders were "fraud people" who had "stolen" Defendants' IP.

13. Defendants have created and are operating a website at kondatech.com. Upon information and belief, this website is generally and widely accessible to the public. Defendants use this website in part to advertise and promote Konda's "FPGA Routing Fabric IP and interconnection networks IP." Defendants' website contains a scroll on the

home page that falsely states that "[f]raudsters Cheng Wang and Dejan Markovic started Flex-Logix with Stolen Interconnect IP from Konda Technologies."  Defendants' website also has a section titled:  "Fraudsters Wang & Markovic found Flex-logix with stolen IP from Konda."  Defendants' website also contains a section titled "Fraudsters Wang Markovic Stole Konda IP," where Defendants falsely accuse two of Flex-Logix's founders of engaging in "research misconduct" involving "falsification, fabrication and plagiarism."

14. The statements by Defendants cited in this Complaint are false and made in bad faith and are likely to deceive a substantial segment of the recipients of Defendants' statements.  Konda has specifically stated that "if we do not settle I will turn even nasty on all the people involved in stealing Konda IP and also[]supporting it."

15. The statements by Defendants cited in the Complaint are likely to influence decisions by Plaintiff's customers and potential customers regarding their use of Plaintiff's FPGA architecture.

16. As Defendants know, allegations that a small start-up has "stolen" IP from a competitor are likely to have adverse consequences in terms of customer acceptance, hiring and retention, and potential investments.  The false statements by Defendants cited in this Complaint are likely to cause injury to Plaintiff either by directly diverting of sales from Plaintiff to Defendants or other suppliers of FPGA technology, or by lessening the goodwill associated with Flex Logix and its advanced FGPA technology.

## FIRST CLAIM FOR RELIEF

**Violation of Lanham Act, 15 U.S.C. § 1125(a)(1)**

17. Plaintiff incorporates by reference the allegations made in paragraphs 1-16, inclusive.

18. Defendants have made false statements of fact regarding Plaintiff, its technology, and its employees to Plaintiff's customers and potential customers.  Such false statements have been made in bad faith, for the purpose of influencing those customers and potential customers not to adopt or license Plaintiff's FPGA technology and/or to adopt Defendants' technology.

19. The customers and potential customers who received Defendants' false assertions were likely to be misled and deceived by them.

20. Defendants knew, or reasonably should have known, that their statements were false and/or likely to mislead potential FPGA users.

21. As an actual and proximate result of Defendants' willful and intentional acts, Plaintiff has suffered and is likely to suffer damages in an amount to be determined at trial. Unless Defendants are enjoined, Plaintiff will suffer irreparable harm and damage to its business, reputation, and goodwill.

22. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to damages for Defendants' Lanham Act violations; an accounting for profits made by Defendants in connection with this misconduct; and the costs of this action (in no case less than $45,000).

23. Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

**Violation of Cal. Bus. & Prof. Code § 17200 *et seq.***

24. Plaintiff incorporates by reference paragraphs 1 through 23, inclusive.

25. The acts of Defendants alleged herein, including but not limited to, advertising, constitute unlawful, unfair and fraudulent business practices in violation of Cal. Bus. & Prof. Code §17200, *et seq.*

26. As an actual and proximate result of Defendants' willful and intentional acts, Plaintiff has suffered and is likely to suffer damages in an amount to be determined at trial. Unless Defendants are enjoined, Plaintiff will suffer irreparable harm and damage to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREAS, Plaintiff asks this Court for judgment as follows:

1. For judgment in favor of Plaintiff on its claims;

39104412.3 -4- Case No. _____
COMPLAINT FOR FALSE ADVERTISING AND UNFAIR BUSINESS PRACTICES

        2.     For actual, pecuniary, special and consequential damages in an amount to be determined at trial, but in no case less than $45,000.

        3.     For a preliminary and permanent injunction requiring Defendants to retract their false statements of fact regarding Plaintiff and its employees and requiring Defendants to refrain from making those, and substantially similar, false statements in the future.

        4.     For costs of suit, including pursuant to 15 U.S.C. § 1117;

        5.     For attorneys' fees and additional damages pursuant to 15 U.S.C. § 1117; and

        6.     For such other and further relief that the Court deems appropriate.

DATED:  July 13, 2018              Respectfully submitted,

                                   MUNGER, TOLLES & OLSON LLP
                                       GREGORY P. STONE
                                       STEVEN M. PERRY
                                       ELIZABETH A. LAUGHTON


                                   By:   */s/ Steven M. Perry*
                                         STEVEN M. PERRY

                                   Attorneys for Plaintiff
                                   FLEX LOGIX TECHNOLOGIES, INC.

39104412.3                             -5-                         Case No. _____
COMPLAINT FOR FALSE ADVERTISING AND UNFAIR BUSINESS PRACTICES